917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charlene ROWDEN, Defendant-Appellant.
 No. 90-1815.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 25, 1990.
Decided Nov. 1, 1990.
 
 1
 Before CUDAHY, and POSNER, Circuit Judges, and HUBERT L. WILL, Senior District Judge*.
 
 ORDER
 
 2
 Charlene Rowden appeals from a conviction on all counts of a three-count indictment charging her with wire fraud and aiding and abetting. 18 U.S.C. Secs. 1343 and 2. She attacks the conviction on four grounds. We affirm.
 
 
 3
 Rowden worked for Lincolnland Answering Service in Springfield, an agent of Western Union. The evidence at trial showed that Rowden ran a series of false money transfers through Lincolnland's computers. After she entered the transfers, someone else would pick up the money she had "transferred" at the other end. As part of its evidence, the government introduced a receipt for a fraudulent transaction that originated at Lincolnland and resulted in money being transferred by wire to Jacksonville Illinois. There were fingerprints on the receipt and the government offered expert testimony that those prints belonged to Rowden's roommate. Rowden objected to the fingerprint evidence, on grounds that it was both irrelevant and unfairly prejudicial. Her objection was overruled. We find no abuse of discretion. The fingerprints were relevant. They made it more probable than might otherwise be the case both that Rowden entered the fraudulent transaction and that she aided and abetted her roomate who completed the transaction by picking up the money on the other end. The fingerprints were not unfairly prejudicial. They were simply incriminating.
 
 
 4
 Rowden also objected to the giving of an aiding and abetting instruction, arguing that the evidence proved, at most, her own involvement but not anyone else's and that there is no liability for "aiding and abetting" oneself. She is right about the law but wrong about the evidence. The jury could infer that she aided and abetted others, including cohorts who picked up the money on the transfers she initiated.
 
 
 5
 Finally, Rowden argues on appeal that "notwithstanding the guidelines" her sentence is "fundamentally unfair" and also that the evidence against her was insufficient to support a conviction. The sentence she was given was correctly calculated under the sentencing guidelines and the evidence against her was more than sufficient. The jury's verdict and the judgment entered by the district court are affirmed. The Court thanks appointed counsel for his efforts.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation